JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-07385 RGK (MRWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | DISH NETWORK LLC v. MENEMSHYAN | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiffs' Motion for Default Judgment (DE 11)

**I.     INTRODUCTION**

On September 8, 2011, Plaintiffs DISH Network LLC ("DISH Network"), Echostar Technologies LLC, and Nagrastar LLC (collectively "Plaintiffs") filed a complaint against Karapet Menemshyan ("Defendant") in the United States District Court for the Central District of California.

Plaintiffs' Complaint asserted federal claims for violations of (1) the Digital Millennium Copyright Act (17 U.S.C. § 1201(a)(1)), (2) the Communications Act of 1934 (47 U.S.C. § 605(a), as amended), and (3) the Electronic Communications Privacy Act ("ECPA") (18 U.S.C. §§ 2511(1)(a) and 2520).

Plaintiffs served Defendant with the summons and complaint on October 4, 2011; however, Defendant has not filed a responsive pleading to date. Consequently, on November 3, 2011, the Clerk entered default against Defendant and on December 20, 2011 Plaintiffs filed a Motion for Default Judgment. Plaintiffs request the Court to enter default judgment with respect to Count III of Plaintiffs' complaint (the ECPA violation) and to award $10,000 in statutory damages, award $1,200 in attorney's fees, and enter a permanent injunction. In the event the Court grants Plaintiffs' requested relief, Plaintiffs will dismiss the remaining claims.

Presently before the Court is Plaintiffs' Motion for Default Judgment against Defendant. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II.　FACTUAL BACKGROUND

Plaintiffs filed the current suit after discovering that Defendant was a subscriber to a pirated television service operated by www.darkangel.ca ("Dark Angel"). (Compl. ¶¶ 26-27.) Plaintiffs sued Dark Angel in Canada for illegally accessing DISH Network's satellite feed using their internet key sharing ("IKS") service. (Compl. ¶ 28.) The IKS service provided descrambling control words to subscribers and enabled users to access DISH Network's satellite signal without payment. (Compl. ¶ 28.)

After seizing Dark Angel's business records, Plaintiffs learned that Defendant subscribed to Dark Angel's service on or about April 14, May 14, and May 25, 2010. (Compl. ¶ 27.) To access Dark Angel's service, Defendant tuned his pirate satellite receiver, obtained from Dark Angel, to his channel of choice. (Compl. ¶ 29.) As a result of this service, Defendant had unlimited access to all DISH Network programming including any premium or pay-per-view content. (Compl. ¶ 30.) Defendant's account consisted of 17 usernames, including at least two that were personal to Defendant, and these usernames accessed DISH Network's programming 117 times between May 23 and July 28, 2010. (Rogers Decl. Exs. 2-5.)

## III.　JUDICIAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) requires a party to apply for default judgment in all cases in which the requirements for clerk-entered judgment cannot be met. Fed. R. Civ. P. 55(b)(2). An applicant must apply for a court-ordered default judgment where: (1) the claim is for an amount that is not certain or capable of being made certain by computation; (2) the defendant, although in default, has appeared in the action; (3) the defendant is a minor or incompetent; or (4) the defendant is in military service or is the United States. Fed. R. Civ. P. 55.

Pursuant to Local Rule of the Central District of California 55-1, the application for a default judgment shall include the following: (1) when and against what party the default was entered; (2) the identification of the pleading to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representation; (4) that the Service Member's Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

## IV.　DISCUSSION

### A.　Default Judgment is Warranted

Upon consideration of the above factors, the Court finds that Plaintiffs are entitled to a default judgment. The Court makes the following findings:

(1)　The Clerk entered default against Defendant on November 30, 2011 as to the allegations in Plaintiffs' Original Complaint. (DE 1, 10.)
(2)　A copy of the Clerk's entry of default was mailed to Defendant on December 1, 2011, at the same address where he was served with the summons and complaint. (Frank Decl. ¶ 2.)
(3)　According to a CLEAR Report, Defendant is not a minor. Additionally, there are no facts that indicate Defendant is incompetent. (Frank Decl. Ex. 1.)
(4)　On December 19, 2011, Plaintiffs performed a Defense Manpower Data Center search, which showed that Defendant is not an active duty military member or

            otherwise exempt under the Service Member's Civil Relief Act. (Frank Decl. Ex. 2.)

(5)     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 for an alleged violation of the Electronic Communications Privacy Act ("ECPA") 18 U.S.C. §§ 2511(1)(a) and 2520.

### B.    Plaintiffs' Factual Allegations are Deemed Admitted

For the purposes of default judgment, all factual allegations in Plaintiffs' Complaint, with exception to the estimation of damages, are deemed to be true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, the following factual allegations asserted in Plaintiffs' Complaint are deemed true:

(1)     Defendant purchased multiple subscriptions to a pirate television service operated by Dark Angel on three separate occasions: April 14, May 14, and May 25, 2010. (Compl. ¶ 27.)

(2)     Defendant used Dark Angel's services to illegally receive DISH Network's television programming via Dark Angel's internet key sharing ("IKS") service. The service provides descrambling code words to a user's pirated satellite receiver in order to descramble and view DISH Network's television programming. (Compl. ¶¶ 28-29.)

(3)     To obtain the programming, Defendant used a pirate satellite receiver loaded with software designed to bypass DISH Network's security programs. (Compl. ¶ 29.)

(4)     Defendant deliberately tuned the pirate satellite receiver to a DISH Network television channel in order to watch DISH Network's programming. (Compl. ¶¶ 42-43.)

(5)     Defendant's interception was intentional and illegal and was performed for commercial or private financial gain. (Compl. ¶ 43.)

### C.    Plaintiffs Sufficiently Pled the ECPA Claim

Plaintiffs pled sufficient facts in their complaint to establish that Defendant's actions violated 18 U.S.C. § 2511(1)(a), creating a private right of action under 18 U.S.C. § 2520. Section 2511(1)(a) makes it unlawful for a person to "intentionally intercept[]" any "electronic communication" including satellite signals. 18 U.S.C. § 2511(a); *see U.S. v. Lande*, 968 F.2d 907, 909 (9th Cir. 1992) ("A person who views satellite television programming by use of a modified descrambler and a satellite dish 'intentionally intercepts' the satellite television signal, which is an 'electronic communication.'"(footnote omitted)). Section 2520 provides a private right of action to "any person whose . . . electronic communication is intercepted, disclosed, or intentionally used in violation of [the ECPA] . . ." 18 U.S.C. § 2520(a); *see DirecTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1188 (E.D. Cal. 2005) (noting that a number of district courts have recognized that § 2520 creates a private right of action for a violation of § 2511(a)). Plaintiffs' factual allegations, taken as true, clearly indicate that Defendant "intentionally intercept[ed]" Plaintiffs' satellite feed to view DISH Network's television programming without authority or payment. 18 U.S.C. § 2511(1)(a). For that reason, Defendant violated the ECPA.

### D.    Plaintiffs' Relief Sought

Plaintiffs seek $10,000 in statutory damages, $1,200 in attorney's fees, and a permanent injunction preventing Defendant from illegally accessing Plaintiffs' satellite programming. The Court grants Plaintiffs' request.

### 1. Statutory Damages

Plaintiffs request statutory damages in the amount of $10,000 pursuant to 18 U.S.C. § 2520(c)(2). Section 2520(c)(2) sets the amount of damages for the intentional interception of scrambled or encrypted electronic communication as the greater of "the sum of the actual damages suffered by the Plaintiff" or "statutory damages of whichever is the greater of . . . $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). Therefore, an ECPA violation entitles a plaintiff to a minimum of $10,000 in damages.

It is within the Court's discretion to award *either* the damages outlined in the statute *or* nothing at all. 18 U.S.C. 2520(c)(2) ("[T]he court *may* assess . . .") (emphasis added); *see DirecTV, Inc. v. Brown*, 371 F.3d 814, 818 (11th Cir. 2004). In *DirecTV v. Huynh*, 2005 WL 5864467 (N.D. Cal. May 31, 2005), the Court outlined several factors courts consider when determining whether or not to exercise its discretion. *Id.* at *8. The factors include: (1) whether defendant profited from the violation, (2) whether there was any evidence that the defendant actually used the pirate access device, (3) the extent of the plaintiff's harm, (4) the extent of the defendant's violation, (5) whether the defendant had a legitimate reason for his actions, (6) whether an award of damages would serve a legitimate purpose, and (7) whether the defendant was subject to another judgment based on the same conduct. *Id.* Upon consideration of the above factors, the Court awards $10,000 in statutory damages to Plaintiffs.

### 2. Reasonable Attorney's Fees

Plaintiffs seek $1,200 in attorney's fees. The Court grants Plaintiff's request. Pursuant to 18 U.S.C. § 2520(b)(3) and Local Rule 55-3, Plaintiffs are entitled to $1,200 in attorney's fees for a violation of the ECPA. Section 2520(b)(3) permits the recovery of a reasonable attorney's fee when a party violates the ECPA. 18 U.S.C. § 2520(b)(3). Local Rule 55-3 calculates the award for attorney's fees for a default judgment as $300 plus ten percent of the amount over $1,000. Therefore, according to this calculation, Plaintiffs are entitled to $1,200 in attorney's fees.

### 3. Permanent Injunction

Plaintiffs request a permanent injunction enjoining Defendant from attempting to bypass DISH Network's security system, from attempting to intercept DISH Network's satellite signal, and from extracting any form of data, codes, or other information from DISH Network's security systems, satellites, etc. The Court grants Plaintiffs' request.

A request for injunctive relief requires that (1) the plaintiff suffered irreparable harm, (2) the remedies at law, including monetary damages, are inadequate to compensate for the injury, (3) the balance of hardships between the plaintiff and defendant weighs in favor of the plaintiff, and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The above elements clearly support Plaintiffs' request for injunctive relief. Plaintiffs' loss of goodwill, their lost past and future profits, and their lost ability to control their business reputations constitutes irreparable harm. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."). The negative repercussions to Plaintiffs' reputation and goodwill and the potential future lost sales constitute

damages that are extremely difficult, if not impossible, to estimate with accuracy. The balance of hardships weighs strongly in Plaintiffs' favor because Defendant is being asked only to stop performing an illegal activity. Finally, the public interest clearly would not be disserved after the injunction is issued because Defendant's illegal activities, which conflict with the purposes of numerous federal laws, would cease to continue. Therefore, Plaintiffs' request for a permanent injunction is appropriate.

## V.     CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion for Default Judgment.

**IT IS SO ORDERED**.

|                      | : |
|----------------------|---|
| Initials of Preparer | slw |